**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **GILBERTO VALDIVIA,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| **GRANCO, INC. and RYAN GLEN** | : | |
| **KEMPF,** | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |
| | : | |

**COMPLAINT**

Plaintiff Gilberto Valdivia, by and through the undersigned counsel, brings this complaint against Defendants Granco, Inc. and Ryan Glen Kempf and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; (2) for damages arising out of Defendants' termination of Plaintiff in retaliation for

conduct that is protected by the FLSA, and (3) for Plaintiff's costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Granco, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Clayton County, Georgia.

5.

Defendant Granco, Inc., hereinafter "Granco", employed Plaintiff as a

Fabricator in and around Locust Grove, Georgia from January 2011 until January

9, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Granco" as

defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about April 2011 until January 9, 2012, Plaintiff has been "engaged

in commerce" as an employee of Defendant Granco as defined in FLSA § 7(a)(1),

29 U.S.C. § 207(a)(1).

8.

From on or about April 2011 until January 9, 2012, Plaintiff  has been engaged

in the "production of goods for commerce" as an employee of  Defendant Granco

as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Granco is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Granco has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about April 2011 until January 9, 2012, Granco was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

From April 2011 until January 9, 2012, Granco had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

From April 2011 until January 9, 2012, Granco had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

From April 2011 until January 9, 2012, Granco had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

From April 2011 until January 9, 2012, Granco had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Granco has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Granco is subject to the personal jurisdiction of this Court.

18.

Granco may be served with process through its Registered Agent, Ryan Glen Kempf, 2099 Kelleytown Road, McDonough, Georgia 30252.

19.

Defendant Ryan Glen Kempf (hereafter " Kempf") resides within Henry County, Georgia.

20.

At all times material hereto, Kempf exercised operational control over the work activities of Plaintiff.

21.

At all times material hereto, Kempf was involved in the day to day operation of Granco in which Plaintiff worked.

22.

At all times material hereto, Granco vested Kempf with supervisory authority over Plaintiff.

23.

At all times material hereto, Kempf exercised supervisory authority over Plaintiff.

24.

At all times material hereto, Kempf scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

25.

At all times material hereto, Kempf exercised authority and supervision over Plaintiff's compensation.

26.

At all times material hereto, Kempf has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

Kempf is subject to the personal jurisdiction of this Court.

28.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

## COUNT I — FAILURE TO PAY OVERTME

29.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

30.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

31.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

32.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2011 through January 9, 2012.

33.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2011 through January 9, 2012.

34.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

35.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

36.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – ILLEGAL RETALIATION

### 37.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 38.

Beginning on or about November 9, 2011, Plaintiff had a series of conversations with Defendant Kempf in which he complained that he had not been paid overtime properly and was entitled to backpay.

### 39.

Plaintiff's complaints as set forth in Paragraph 38 above constitute protected activity within the meaning of FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

### 40.

On or about January 9, 2012, in retaliation for Plaintiff's protected activities, Defendants terminated Plaintiff's employment in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

41.

As a direct and foreseeable result of Defendants' unlawful retaliation, Plaintiff has suffered loss of employment and loss of income.

42.

As a direct and foreseeable result of Defendants' unlawful retaliation, Plaintiff has suffered emotional distress.

43.

Plaintiff is entitled to compensatory damages in an amount to be determined at trial for the damages suffered as a result of Defendants' retaliatory acts.

44.

Plaintiff is entitled to liquidated damages in addition to the damages set forth in ***Paragraph 43***, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b)

45.

Defendants are indebted to Plaintiff for his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded compensatory damages against the Defendants jointly and severally in an amount to be determined at trial; plus an additional like amount in liquidated damages, plus Plaintiff's reasonable attorneys' fees and costs;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DeLong Caldwell Bridgers
& Fitzpatrick, LLC

/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791

/s/ Kevin D. Fitzpatrick, Jr.
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiff

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com