## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement" or "the Settlement Agreement") is made and entered into by and between **GRANCO, INC,** for itself and its divisions, subdivisions, parents, and affiliates and **RYAN GLEN KEMPF** (hereinafter jointly referred to as **"DEFENDANTS"**), and **GILBERTO VADLIVIA** (hereinafter referred to as **"PLAINTIFF"**).

### W I T N E S S E T H :

**WHEREAS, PLAINTIFF** was employed by **GRANCO, INC,** and

**WHEREAS,** on or about January 20, 2012, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Gilberto Valdiva v. Granco, Inc. and Ryan Glen Kempf,* which was assigned Civil Action No. 1:12-CV-00215-RWS (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and unlawful retaliation for conduct that is protected by the Fair Labor Standards Act; and

**WHEREAS, PLAINTIFF** seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

**WHEREAS, DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

- 1 -

Initials 

Initials _____

**WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **GRANCO, INC, RYAN GLEN KEMPF**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANTS** will cause to be paid jointly to **PLAINTIFF** and his attorneys the total sum of Fourteen Thousand Four Hundred and Sixty Five Dollars and Four Cents ($14,465.04) as follows: (1) a check in the amount of Four Thousand Eight Hundred Dollars and Ninety Six Cents ($4,800.96), less appropriate deductions for tax purposes, made payable to "Gilberto Valdiva," which amount is allocated as back pay and for which a W-2 form will be issued; (2) a check in the amount of Three Thousand Eight Hundred Five Dollars and No Cents ($3,805.00) made payable to "Gilberto Valdiva," which amount is allocated as liquidated damages and for which a 1099 form will be issued; and (3) a check in the amount of Five Thousand Eight Hundred Fifty Nine Dollars and Eight Cents ($5,859.08) made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which 1099 forms will be issued.   These payments will be made within seven (7) days after approval of this Set-

- 2 -

Initials 

Initials _____

tlement Agreement by the Court.  The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action.  **DEFENDANTS** agree that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work.  Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

### REINSTATEMENT

### 2.

On February 7, 2012, **GRANCO, INC.** made an unconditional offer of reinstatement to **PLAINTIFF** to the position he held immediately prior to January 9, 2012. **PLAINTIFF** accepted that offer and has indicated a return to work date of March 5, 2012. **PLAINTIFF** understands that upon return he will be treated the same as similarly-situated employees with regard to the terms and conditions of employment.

### DISMISSAL OF ACTION

### 3.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.  Upon the Court's approval of this Set-

- 3 -

Initials _____

Initials _____

tlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF**

will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

4.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators

and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all

of their present or former attorneys, officers, officials, employees, assigns, principals and/or

agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs,

expenses and attorneys' fees of any kind and every character whatsoever, whether known or un-

known, which he has or may have against them growing out of or arising from or pertaining to

(a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF, GRANCO,**

**INC** and/or **RYAN GLEN KEMPF**, or (b) any other matters or things occurring or existing at

any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in

any way connected with or related to his employment with **DEFENDANTS**, including but not

limited to, the Civil Action, and the matters which were alleged or could have been alleged in the

Civil Action.  **PLAINTIFF** represents that he is unaware of any other claim, demand, action,

cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or

may have against either **GRANCO, INC** or **RYAN GLEN KEMPF**, at this time, whether or not

related to his employment.  **PLAINTIFF** further agrees and acknowledges that **DEFENDANTS**

are relying upon this representation in entering into this Agreement.  Furthermore, and without in

any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any

possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards

- 4 -

Initials _____

Initials _____

Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, overtime pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief.  Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

6.

**PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANTS** to date, including but not limited to, the matters which were

- 5 -

Initials _____

Initials _____

alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. **PLAINTIFF** agrees to indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **GRANCO, INC** or **RYAN GLEN KEMPF** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

### 7.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

### 8.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS,** the prevailing party shall be entitled to all remedies or damages at law, and in

- 6 -

Initials _____

Initials _____

addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## MODIFICATION

9.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## JUDICIAL APPROVAL OF SETTLEMENT

10.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 1 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement.  In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

11.

**PLAINTIFF** represents and that he has not filed any charges, complaints, claims, demands, or lawsuits against **DEFENDANTS** other the the Civil Action described herein. Accordingly, **PLAINTIFF** covenants and agrees that he wll not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from **DEFENDANTS** in the future with regard to any employment-related matter occurring prior to the time of his reinstatement, whether filed on behalf of **PLAINTIFF** or any other similarly-situated individual. **PLAINTIFF** further represents that he will not take action to solicit or encourage any other person to make, assert, or pursue any claim against **DEFENDANTS** (including but not limited to

- 7 -

Initials 

Initials _____

revealing the terms of this Agreement), but understands he is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order.

12.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **GRANCO, INC's** successors and assigns.

## JURISDICTION AND VENUE

15.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

- 8 -

Initials 

Initials _____

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this

_____ day of February, 2012.

_____
**GILBERTO VALDIVIA**

Sworn to and subscribed
before me this _____ day
of February, 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:

**GRANCO, INC**
By: Ryan Glen Kempf
Its: Owner

Sworn to and subscribed
before me this _____ day of
February, 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:

**RYAN GLEN KEMPF**

Sworn to and subscribed
before me this _____ day of
February, 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:

- 9 -

Initials _____

Initials _____

**SO AGREED AND APPROVED BY:**

**DELONG CALDWELL BRIDGERS &**
**FITZPATRICK, LLC**

**FORD & HARRISON, LLP**

_____

Kevin D. Fitzpatrick, Jr.
Georgia Bar No: 262375
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax (404) 979-3170
kevin.fitzpatrick@dcbflegal.com

_____

Patricia G. Griffith
Georgia Bar No. 311928
271 17th Street, N.W.
Suite 1900
Atlanta, GA  30363
(404) 888-3800
pgriffith@fordharrison.com

**COUNSEL FOR DEFENDANTS**

_____

Charles R. Bridgers
Georgia Bar No: 080791
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax: (404)979-3170
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

- 10 -

Initials _____

Initials _____

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement" or "the Settlement Agreement") is made and entered into by and between **GRANCO, INC,** for itself and its divisions, subdivisions, parents, and affiliates and **RYAN GLEN KEMPF** (hereinafter jointly referred to as "**DEFENDANTS**"), and **GILBERTO VADLIVIA** (hereinafter referred to as "**PLAINTIFF**").

## W I T N E S S E T H:

**WHEREAS, PLAINTIFF** was employed by **GRANCO, INC,** and

**WHEREAS,** on or about January 20, 2012, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Gilberto Valdiva v. Granco, Inc. and Ryan Glen Kempf*, which was assigned Civil Action No. 1:12-CV-00215-RWS (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and unlawful retaliation for conduct that is protected by the Fair Labor Standards Act; and

**WHEREAS, PLAINTIFF** seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

**WHEREAS, DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

- 1 -

Initials G. V

Initials _____

**WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **GRANCO, INC, RYAN GLEN KEMPF**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANTS** will cause to be paid jointly to **PLAINTIFF** and his attorneys the total sum of Fourteen Thousand Four Hundred and Sixty Five Dollars and Four Cents ($14,465.04) as follows: (1) a check in the amount of Four Thousand Eight Hundred Dollars and Ninety Six Cents ($4,800.96), less appropriate deductions for tax purposes, made payable to "Gilberto Valdiva," which amount is allocated as back pay and for which a W-2 form will be issued; (2) a check in the amount of Three Thousand Eight Hundred Five Dollars and No Cents ($3,805.00) made payable to "Gilberto Valdiva," which amount is allocated as liquidated damages and for which a 1099 form will be issued; and (3) a check in the amount of Five Thousand Eight Hundred Fifty Nine Dollars and Eight Cents ($5,859.08) made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which 1099 forms will be issued.   These payments will be made within seven (7) days after approval of this Set-

- 2 -

Initials  G V

Initials  _____

tlement Agreement by the Court.  The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action.  **DEFENDANTS** agree that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work.  Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## REINSTATEMENT

### 2.

On February 7, 2012, **GRANCO, INC.** made an unconditional offer of reinstatement to **PLAINTIFF** to the position he held immediately prior to January 9, 2012. **PLAINTIFF** accepted that offer and has indicated a return to work date of March 5, 2012. **PLAINTIFF** understands that upon return he will be treated the same as similarly-situated employees with regard to the terms and conditions of employment.

## DISMISSAL OF ACTION

### 3.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.  Upon the Court's approval of this Set-

- 3 -

Initials  C.V

Initials  _____

tlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

4.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or un- known, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF, GRANCO, INC** and/or **RYAN GLEN KEMPF**, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against either **GRANCO, INC** or **RYAN GLEN KEMPF**, at this time, whether or not related to his employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANTS** are relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards

- 4 -

Initials  G.N

Initials  _____

Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, overtime pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief.  Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.

    **PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

6.

    **PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANTS** to date, including but not limited to, the matters which were

- 5 -

Initials _G.J_

Initials _____

alleged or could have been alleged in the Civil Action.  **PLAINTIFF** further represents and war-rants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants.  **PLAINTIFF** agrees to indem-nify and hold **DEFENDANTS** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **GRANCO, INC** or **RYAN GLEN KEMPF** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

### 7.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

### 8.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS,** the prevailing party shall be entitled to all remedies or damages at law, and in

- 6 -

Initials  ___G.J___

Initials  _____

addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## MODIFICATION

9.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## JUDICIAL APPROVAL OF SETTLEMENT

10.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 1 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement.  In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

11.

**PLAINTIFF** represents and that he has not filed any charges, complaints, claims, demands, or lawsuits against **DEFENDANTS** other the the Civil Action described herein. Accordingly, **PLAINTIFF** covenants and agrees that he wll not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from **DEFENDANTS** in the future with regard to any employment-related matter occurring prior to the time of his reinstatement, whether filed on behalf of **PLAINTIFF** or any other similarly-situated individual. **PLAINTIFF** further represents that he will not take action to solicit or encourage any other person to make, assert, or pursue any claim against **DEFENDANTS** (including but not limited to

- 7 -

Initials _Q.J___

Initials _____

revealing the terms of this Agreement), but understands he is not prohibited from honestly responding or adhereing to a valid and binding subpoena or court order.

12.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **GRANCO, INC's** successors and assigns.

**JURISDICTION AND VENUE**

15.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

- 8 -

Initials C. V

Initials _____

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _2nd_ day of ~~February~~, 2012. _March_

GILBERTO VALDIVIA
**GILBERTO VALDIVIA**

Sworn to and subscribed
before me this _2d_ day
~~of February~~, 2012. _March_

NOTARY PUBLIC
My Comm'n Expires: _4-17-15_


GRANCO, INC
By: Ryan Glen Kempf
Its: Owner

Sworn to and subscribed
before me this _____ day of
February, 2012.


NOTARY PUBLIC
My Comm'n Expires:


**RYAN GLEN KEMPF**

Sworn to and subscribed
before me this _____ day of
February, 2012.


NOTARY PUBLIC
My Comm'n Expires:

- 9 -

Initials _G.V_

Initials _____

**SO AGREED AND APPROVED BY:**

**DELONG CALDWELL BRIDGERS &**
**FITZPATRICK, LLC**

_Kevin D Fitzpatrick_

Kevin D. Fitzpatrick, Jr.
Georgia Bar No: 262375
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax (404) 979-3170
kevin.fitzpatrick@dcbflegal.com

_Chas R Bridgers_

Charles R. Bridgers
Georgia Bar No: 080791
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax: (404)979-3170
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

**FORD & HARRISON, LLP**

Patricia G. Griffith
Georgia Bar No. 311928
271 17th Street, N.W.
Suite 1900
Atlanta, GA  30363
(404) 888-3800
pgriffith@fordharrison.com

**COUNSEL FOR DEFENDANTS**

- 10 -

Initials _G.J_

Initials _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GILBERTO VALDIVIA,            :
                                      :
     Plaintiff,                  :
                                        :
vs.                              :
                                      :     **Civil Action Number:**
GRANCO, INC., and RYAN GLEN  :     **1:12-CV-00215-RWS**
KEMPF,                    :
                                      :
     Defendants.           :
                                      :

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants and, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

This the _____ day of March, 2012

**SO STIPULATED:**                **SO STIPULATED:**

*/s/ Kevin D. Fitzpatrick, Jr.*         */s/Patricia G. Griffith*
Kevin D. Fitzpatrick, Jr.           Patricia G. Griffith
Georgia Bar No: 262375          Georgia Bar No. 311928
3100 Centennial Tower           271 17th Street, N.W.
101 Marietta Street, N. W.       Suite 1900
Atlanta, GA 30303              Atlanta, GA 30363

**COUNSEL FOR PLAINTIFF**     **COUNSEL FOR DEFENDANTS**

Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GILBERTO VALDIVIA,                    :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :
                                      :    **Civil Action Number:**
GRANCO, INC., and RYAN GLEN          :    1:12-CV-00215-RWS
KEMPF,                                :
                                      :
    Defendants.                       :
                                      :

### CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1, the below signatory attorney certified that this

pleading was prepared with times New Roman (14 point), one of the fonts and

point selections approved by the Court in local N.D. Ga. R. 5.1 C.


/s/Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
Counsel for Plaintiff


Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GILBERTO VALDIVIA,                          :
                                            :
    Plaintiff,                          :
                                            :
vs.                                         :
                                            :        Civil Action Number:
GRANCO, INC., and RYAN GLEN                 :        1:12-CV-00215-RWS
KEMPF,                                      :
                                            :
    Defendants.                         :
                                            :

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the foregoing

STIPULATION OF DISMISSAL WITH PREJUDICE using the CM/ECF system,

which will automatically send email notification of such filing to the following at-

torney of record:

Patricia G. Griffith
Ford & Harrison , LLP
271 17th Street, N.W.
Suite 1900
Atlanta, GA  30363


This _____ day of March, 2012,


                                   /s/Kevin D. Fitzpatrick, Jr.,
3100 Centennial Tower                       Ga. Bar No. 262375
101 Marietta Street, N.W.                   Counsel for Plaintiff
Atlanta, GA  30303
404) 979-3150

                                Exhibit "A"